**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT MAREK, | ) | CASE NO. 1:16-cv-02031 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| NAVIENT CORPORATION, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

On August 26, 2016, this matter was referred to Magistrate Judge Kenneth S. McHargh for pretrial supervision, as well as for recommendations regarding case-dispositive motions (R. 6), and was subsequently referred to the undersigned Magistrate Judge upon the former's retirement. On September 29, 2016, Defendant Navient Corporation[1] (hereinafter "Defendant" or "Navient") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6).[2] (R. 11). On October 11, 2016, Plaintiff Robert Marek (hereinafter "Plaintiff" or "Marek"), *pro se*, filed a brief in opposition. (R. 14). Thereafter, Defendant filed a reply in support of its motion. (R. 15). This matter is now ripe.

---

[1] Defendant indicates that its correct name is Navient Solutions, Inc. (R. 11-2, PageID# 46).

[2] The Complaint also named the U.S. Department of Education as a defendant. (R. 1). On September 30, 2016, all parties filed a Joint Stipulation dismissing the U.S. Department of Education as a party to this action. (R. 12). On October 3, 2016, District Court Judge Christopher A. Boyko issued an Order dismissing the U.S. Department of Education with prejudice. (R. 13).

**I. Factual Allegations of the Complaint**

Plaintiff's Complaint begins by acknowledging that he borrowed over $130,000 between 1995 and 2000 in student loans under the federal Parent Loan for Undergraduate Students ("PLUS") program for his three children. (R. 1, PageID# 2). Plaintiff alleges the loans were owned and/or guaranteed by the U.S. Department of Education and that Sallie Mae was the loan servicer. (*Id*.)

Plaintiff contends that Defendant Navient was a subsidiary of Sallie Mae until October 13, 2014, when the two companies separated.[3] (R. 1, PageID# 3). Thereafter, Navient became the servicer of the subject loans. (*Id*.)

Plaintiff alleges that all the aforementioned loans were consolidated on or about November 23, 2001, in the amount of $148,736.23 with a 6.75% interest rate. (R. 1, PageID# 3). Plaintiff maintains that between 2001 and 2014, he made payments totaling $27,934.00 on the loans and has never been in default. (*Id*.) Plaintiff claims that the online payoff amount of the loans on August 10, 2016 was $334,325.20. (*Id*.) The account was in forbearance until August 22, 2016. (*Id*.)

Plaintiff states that on July 11, 2016, he applied for an Income-Sensitive Repayment ("ISR") plan and included supporting documentation of his gross monthly income. (R. 1, PageID# 4). Plaintiff received a letter on July 21, 2016, indicating that his application could not be approved because the supporting documentation was not dated within ninety days. (*Id*.)

Plaintiff asserts he submitted a renewed application on August 1, 2016, with updated

---

3 Defendant states that Sallie Mae merely changed its name to Navient Solutions, Inc., and continues to service the loans. (R. 11-2, PageID# 46). In his brief in opposition, Plaintiff maintains he is correct. (R. 14, PageID# 56). This disagreement has no bearing on the issue of whether the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

documentation. (R. 1, PageID# 4). Plaintiff received two letters in response, both dated August 4, 2016. (*Id*.) One letter stated that the application could not be processed "because the monthly income you listed on Item 1 on the application is less than the income on the documentation you provided." (R. 1-1, PageID# 7, Exh. A). The other letter stated that Plaintiff's application for an ISR plan had been approved and that his new monthly payment would be $1,863.07 for the next twelve months and that he would have to reapply annually for an ISR plan. (R. 1-2, PageID# 8, Exh. B). The August 4, 2016 letter noted that the original loan amount was $148,736.23 with an outstanding principal balance of $331,507.13. (*Id*.) According to Plaintiff's calculations, he will be required to pay $753,776.68 over the life of the loan and will be 100 years old in 2045 when the final payment is due.[4] (R. 1, PageID# 4-5).

Plaintiff states that he submitted a third ISR application on August 6, 2016, indicating that he received a monthly retirement income of $2,590.11 and requesting that his loan payment be $518.02—twenty percent of his gross monthly income. (R. 1, PageID# 5; R. 1-3, PageID# 9-11, Exh. C).

Plaintiff generally states that Defendant has "wrongfully disallowed or refused" his request to pay only $518.02 per month. (R. 1, PageID# 5-6). Plaintiff avers that he will suffer substantial financial and credit injury if he is required to pay upwards of $1,863.07 per month, an amount he states is not proportioned to his monthly income. (*Id*.)

Plaintiff's requests a declaratory judgment stating that he should be allowed to pay no more than twenty percent of his gross monthly income towards his loan, that he be declared to not be in

---

4 The letter from Defendant does not set forth the date of the final payment, but does state that "[y]our loan(s) must be paid off within the maximum repayment period allowed by law; however, you may request a reduced-payment forbearance to allow you to pay less than the interest accruing monthly on your loan(s) because you have a financial hardship." (R. 1-2, PageID# 8, Exh. B).

default, and seeks the costs of this action. (R. 1, PageID# 6).

## II. Law and Analysis

**A. Fed. R. Civ P. 12(b)(6) Standard**

When ruling upon a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), a court must accept as true all the factual allegations contained in the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *accord Streater v. Cox*, 336 Fed. App'x 470, 474 (6th Cir. 2009). Nonetheless, a court need not accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.] Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

**B. Analysis**

First, it bears noting that Marek is proceeding *pro se*. The Sixth Circuit has held that "*pro se* pleadings are to be liberally construed and that in some cases active interpretation is required to construe a *pro se* petition to encompass any allegation stating federal relief." *Johnson v. United States*, 457 Fed. App'x 462, 467 (6th Cir. 2012) (internal quotation marks omitted) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985); *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976)). Nevertheless, it is generally accepted that generous construction of *pro se* filings is not limitless. Liberal construction "does not require those courts to conjure up questions never squarely presented to them," "to construct full blown claims from sentence fragments," "to anticipate all arguments that clever counsel may present in some appellate future," or "to transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *accord Crawford v. Crestar Foods*, 210 F.3d 371 (6th Cir. 2000); *Spencer-Dey v. G.C. Servs.*, 2016 U.S. Dist. LEXIS 72587 at *2 (N.D. Ohio June 3, 2016) (Polster, J); *Fayne v. Clipper*, 2013 WL 459895 at *3 (N.D. Ohio Feb. 6, 2013) (Boyko, J.) Marek, however, is also a licensed attorney serving as his own counsel. (R. 1, PageID# 6). Nevertheless, even if Marek receives the full benefit of liberal construction, the Complaint, as explained below, fails to state a claim upon which relief can be granted.

Plaintiff seeks declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. (R. 1, PageID# 2). The text of the statute, entitled "Creation of a *remedy*," states that:

> In a *case of actual controversy* within its jurisdiction, …, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not

further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added).[5] Defendant has filed a motion to dismiss asserting that Plaintiff's Complaint "fails as a matter of law because no justiciable issue or actual controversy exists between the parties." (R. 11-2, PageID# 48).

"It is clear that the declaratory judgment procedure is available in the federal courts only in cases involving actual controversies and may not be used to obtain an advisory opinion in a controversy not yet arisen." *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 116, 67 S. Ct. 556, 577, 91 L. Ed. 754 (1947) (*citing Coffman v. Breeze Corporations*, 323 U.S. 316, 324, 325, 65 S.Ct. 298, 302, 303, 89 L.Ed. 264 (1945)); *accord Quicken Loans Inc. v. United States*, 152 F. Supp. 3d 938, 953 (E.D. Mich. 2015); *Bowers v. Wacker Silicone Corp.*, 601 F. Supp. 2d 964, 971 (N.D. Ohio 2008) ("That the relief sought by this action is declaratory in nature does not permit the Court to render an opinion on the parties' rights under the Noncompetition Agreement based upon a set of facts that does not exist in reality.") (Lioi, J.)

As noted in Defendant's brief, in *Almendares v. Palmer*, the District Court held that "[t]he Declaratory Judgment Act … does not create substantive rights." 284 F. Supp. 2d 799, 810 (N.D. Ohio 2003) (Carr, J.); *accord Wiley v. Triad Hunter LLC*, 2013 WL 4041772 at n. 5 (S.D. Ohio Aug. 8, 2013). The Sixth Circuit Court of Appeals has also held that "§ 2201 does not create an independent cause of action." *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). The United States Supreme Court has cautioned that "the declaratory judgment statute 'is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'"

---

[5] The other provision of the statute cited by Plaintiff, 28 U.S.C. § 2202, merely states that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

6

*Green v. Mansour*, 474 U.S. 64, 72, 106 S. Ct. 423, 428, 88 L. Ed. 2d 371 (1985) (*quoting Public Service Comm'n v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952)).

Plaintiff's Complaint does not assert an independent cause of action or a request for an adjudication of clearly established legal rights. Essentially, Plaintiff alleges that he borrowed over $130,000 in student loans for his children. Presumably, these loans were made pursuant to some agreement made between Plaintiff and the party making the loan—Sallie Mae was alleged to be the original loan servicer. However, nowhere in the Complaint does Plaintiff allege that this agreement was breached. Plaintiff does not assert that he did not receive the loans. He does not assert that the interest rate violates any agreement. He does not assert that the amounts owed under the agreement are miscalculated. Finally, he does not assert that he has not been properly credited with payments made. Rather, the crux of the Complaint is that Defendant should have approved Plaintiff's request to make a monthly payment of $518.02 pursuant to the aforementioned ISR plan offered by Defendant. (*see generally* R. 1). Plaintiff has not alleged that Defendant's failure to approve the requested monthly payment total violates any pre-existing agreement or the original terms of the loans. Plaintiff also does not allege that he has any legal right to the requested modification or that Defendant had any legal obligation to grant one—only that Defendant has wrongfully disallowed or refused his request. (R. 1, PageID# 5). From the allegations set forth in the Complaint, the Court has no basis for concluding that the ISR plan was anything more than a unilateral accommodation offered by Defendant, the approval of which was subject to its sole and unfettered discretion.[6]

Plaintiff's memorandum in opposition to the motion to dismiss is devoid of any law

---

6 Although the Complaint implies that the monthly payment of $1,863.07 is a large monthly payment, the Complaint makes no indication as to what the monthly payment amount would have been without any sort of ISR approval or set forth the time period, if any, in which the loan must be repaid.

7

suggesting that declaratory judgment is available where no independent cause of action exists or where no recognized legal rights are in dispute. (R. 14). Plaintiff merely reiterates his allegation that Defendant's refusal to allow him to pay only $518 a month towards repayment of his loans has resulted in financial injury. (R. 14, PageID# 57). There is not a remedy for every perceived injury. Plaintiff's opposition brief also attempts to assert a new theory, stating that he never offered or agreed to pay $1,863.07 per month, and implies that his lack of assent means there is no contract. (R. 14, PageID# 58-59). Plaintiff's argument is untenable and contradicts the factual allegations of the Complaint. By the very nature of the allegations made in the Complaint, Plaintiff concedes that he borrowed a substantial sum of student loans, that he has not repaid those loans in their entirety, and that he has a legal obligation to repay those loans. His very act of seeking a modification of his monthly payment is an acknowledgment that he continues to owe money. The argument in Plaintiff's opposition brief—that he did not consent to pay the specific monthly sum of $1,863.07 per month—is unavailing. The Complaint does not allege that such a monthly payment violates any terms of an original or pre-existing agreement.

In addition, pursuant to Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, *or* (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading **or 21 days after service of a motion under Rule 12(b)**, (e), or (f), whichever is earlier." (emphasis added). Defendant filed its motion to dismiss on September 29, 2016. (R. 11). Plaintiff has not sought to amend his Complaint to set forth a breach of contract claim or any other viable claim. As such, the existing Complaint asks the Court to modify the repayment terms of his agreement with Defendant without setting forth the parties' original loan agreement, any pertinent modifications, or any legal basis for doing so. Therefore, the Complaint fails to state a claim upon which relief

8

can be granted and dismissal with prejudice is appropriate.[7]

### III. Conclusion

After fully considering Plaintiff's Complaint, the parties' filings pertaining to Defendant's motion to dismiss, and the pertinent law, it is recommended that Defendant's Motions to Dismiss (R. 11) be GRANTED and Plaintiff's claims dismissed with prejudice.

                                s/ *David A. Ruiz*
                                David A. Ruiz
                                United States Magistrate Judge

Date: December 6, 2016

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See* **United States v. Walters, 638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn, 474 U.S. 140 (1985)*, *reh'g denied*, **474 U.S. 1111 (1986).**

---

[7] As thoroughly explained by a decision of the Southern District Court of Ohio:

> Under Federal Rule of Civil Procedure 41(b), a dismissal under Rule 12(b)(6) "operates as an adjudication on the merits" unless the "dismissal order states otherwise." And "an adjudication on the merits" is synonymous with a dismissal with prejudice. *See Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). Thus, a dismissal under Rule 12(b)(6) generally operates as a dismissal with prejudice, unless the district court in its discretion finds that the circumstances warrant otherwise. By implication, a dismissal under Rule 12(b)(6) bars further litigation on a claim unless leave to amend is granted or the dismissal is made "without prejudice" to refiling. The potential harshness of these principles are tempered by Rule 15(a)'s provision allowing a party to amend the complaint as a matter of course within 21 days of service of the motion to dismiss. This allows a plaintiff to amend a complaint to fix any technical or other easily correctable deficiency of the complaint identified in a motion to dismiss.

*Crone-Schierloh v. Hammock*, 2013 WL 12123903 at *3 (S.D. Ohio May 22, 2013).