**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT MAREK,** | ) | **CASE NO. 1:16CV2031** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **NAVIENT CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff's Objections (ECF DKT #17) to the Report and Recommendation (ECF DKT #16) of Magistrate Judge David A. Ruiz, recommending that the Court grant the Motion to Dismiss filed by Defendant.  For the following reasons, the Court ADOPTS Magistrate Judge Ruiz's Report and Recommendation and grants the Motion to Dismiss for failure to state a claim upon which relief can be granted.  (ECF DKT#11).

**BACKGROUND**

The following is a factual synopsis of Plaintiff's claims.  The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the facts.

Plaintiff's Complaint begins by acknowledging that he borrowed over $130,000 between 1995 and 2000 in student loans under the federal Parent Loan for Undergraduate Students program for his three children.  On July 11, 2016, Plaintiff applied for an Income-Sensitive Repayment ("ISR") plan.  After submitting a renewed application on August 1, 2016, Plaintiff received two responses, one stated that the application could not be processed, the other that Plaintiff's application for an ISR plan had been approved and that his new monthly payment would be $1,863.07 for the next twelve months and that he would have to reapply annually for an ISR plan.  Plaintiff then requested a loan payment amount of $518.02.  Defendant refused to accept the lower payment amount.

## STANDARD OF REVIEW

In order to survive a Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6), the pleadings must satisfy Fed. R. Civ. P. 8(a)(2);  "A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) does not require detailed factual allegations.  A party is only obligated to provide greater detail than simple labels, conclusions, or recitations of the elements needed for a cause of action.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The pleading must suggest that the allegation is plausible, not just possible.  Yet, it does not have to demonstrate probability; just enough factual information to create an expectation that discovery will uncover evidence supporting the claim.  *Id.* at 556.  The pleading must "nudge claims across the line from conceivable to plausible" in order to survive a 12(b)(6) motion.  *Id.* at 570.  When looking at these allegations for purposes of a motion to dismiss, the Court must accept as true all of the claims in the pleading, except legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  These factual allegations cannot be mere conclusory statements.  *Id.*

## LAW AND ANALYSIS

Plaintiff seeks declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  In the Motion to Dismiss Defendant asserts that there is no actual case or controversy that exists between the parties.  "It is clear that the declaratory judgment procedure is available in the federal courts only in cases involving actual controversies and may not be used to obtain an advisory opinion in a controversy not yet arisen." *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 116, 67 S. Ct. 556, 577, 91 L. Ed. 754 (1947) (*citing Coffman v. Breeze Corporations*, 323 U.S. 316, 324, 325, 65 S.Ct. 298, 302, 303, 89 L.Ed. 264 (1945)); *accord Quicken Loans Inc. v. United States*, 152 F. Supp. 3d 938, 953 (E.D. Mich. 2015); *Bowers v. Wacker Silicone Corp.*, 601 F. Supp. 2d 964, 971 (N.D. Ohio 2008).

The Magistrate Judge correctly points out that the loans in question were made pursuant to an agreement made between Plaintiff and the party making the loan, the agreement was not breached, the amounts were not miscalculated and Plaintiff has been correctly credited with all payments made.  Plaintiff simply complains that Defendant should have approved the repayment amount that Plaintiff wants to make.  The Court agrees with the Magistrate Judge that Plaintiff's Complaint does not assert an independent cause of action or a request for an adjudication of clearly established legal rights.

Plaintiff fails to provide the Court with any law suggesting that declaratory judgement is available in this case.  In Plaintiff's Objections he contends that Defendant is a predatory lender and seeks to have the Court declare that Defendant's actions are wrong or without justification.  The Court agrees with the Magistrate Judge that Plaintiff's argument is untenable.  Plaintiff acknowledges that he owes the money and the Court finds that the monthly payment expected by Defendant does not violate any terms of an original or pre-existing agreement.

## CONCLUSION

The Court finds that the Magistrate Judge correctly applied the pertinent law and therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #16) is ADOPTED. Therefore, Defendant's Motion to Dismiss is granted with prejudice.

**IT IS SO ORDERED.**

**DATE: 1/4/2017**

 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**